CHARLES BARKER, Appellant, *v.* JOHN J. COCKS, et al., Respondents.

Where an action is brought against two or more upon a joint contract, an equitable defence peculiar to one defendant being set up by him, the court may give judgment for the plaintiff against the other defendants, and for the one defendant against the plaintiff.

Upon argument of demurrer to defendant's answer, the Special Term ordered that defendant have judgment on the demurrer, with leave to plaintiff to amend his complaint or reply, on payment of costs. Upon appeal, the General Term affirmed the order, and directed that defendant have judgment on the demurrer, as provided in the order of Special Term. Upon this defendant entered what purported to be a judgment, adjudging that the order of Special Term be affirmed, and that defendant recover an amount named as costs. *Held*, that this was not a final judgment in the action, and was not appealable to this court.

(Argued December 13, 1872; decided December 17, 1872.)

THIS was an action against defendants, who were formerly copartners, to recover $3,300 loaned to the firm. The answer of defendant Cocks alleged that plaintiff and another executed to him their joint and several bond, in a penalty of $5,000, a copy of which was annexed to answer. The bond contained a recital of the former existence of the copartnership between defendants, and the dissolution thereof, and that certain of its assets had been transferred to defendant Boker for collection and sale. The condition of the bond was that Boker should pay to Cocks the amount which he should be

entitled to receive from the assets, and, upon final accounting, should pay over such sums as he (Cocks) should be entitled to receive. The answer then alleged an action brought by defendant Cocks upon the bond, and a recovery thereon of $3,699.80, besides interest and costs. That plaintiff, when sued upon the bond, owned the claim sought to be recovered here, and could have availed himself of it by way of set-off, or in reduction of the amount to be recovered, and was bound so to use it, and, having failed, could not recover against defendant Cocks in this action. That defendant was ignorant of plaintiff's claim until the commencement of this suit, and that defendant Boker was and is insolvent. Said defendant also set up the bond as a counter-claim, claiming the difference between the penalty and the recovery thereon.

Plaintiff demurred to the answer. On argument at Special Term it was ordered that said defendant have judgment on the demurrer, with leave to plaintiff to amend his complaint or reply to the answer, on payment of costs. Upon appeal to the General Term, its order was that the order of the Special Term be affirmed with costs, and that defendant have judgment on the demurrer, as provided in the order of the Special Term, with costs. Upon this order, what purported to be a judgment was entered, ordering and adjudging that the order of Special Term be affirmed, and that defendant Cocks recover $132.18 costs, and that he have execution therefor. *Held*, that the claim of plaintiff should have been paid out of the assets of the firm. If it had been so paid, or if in this action upon the bond plaintiff here had proved the claim, the recovery of defendant Cocks would have been reduced by one-half the claim, *i. e.*, $1,650. In either case, the claim would have been satisfied. That plaintiff could have availed himself of his claim in the former action, as his debt was a lien in equity upon the assets in the hands of Boker; that it was his duty to have so done, and as, by his negligence or willful act, his claim was kept out of the adjustment in the suit upon the bond, and as defendant Cocks is without remedy, unless entitled to it in this action, he has an equity entitling

him to the interposition of the court of equity; and as the Supreme Court has jurisdiction in this action of this equitable defence, it has the power to give him a several judgment against the plaintiff, and the plaintiff a several judgment against defendant Boker; that the demurrer was, therefore, properly overruled.

It was, however, held that the paper purporting to be a judgment of the General Term was not a final judgment in the action, and was not appealable to this court.

*John H. Bergen* for the appellant.

*George W. Parsons* for the respondent.

FOLGER, J., reads opinion for dismissal of appeal.
All concur.
Appeal dismissed.