GEORGE HOFFMAN AND OTHERS, PLAINTIFFS, v. DANIEL BARRY, DEFENDANT.

*Demurrer — costs on appeal from order sustaining or overruling — Distinction between final order and order with leave to plead over.*

On an appeal from an order sustaining or overruling a demurrer to the entire pleading, when leave to plead over or amend is not granted, the successful party is entitled to full costs under section 307, subdivision 5, of the Code — the order being substantially a judgment.

When leave is given to amend or to withdraw a demurrer and plead over, the order is merely interlocutory, and ten dollars costs only are allowed.

When the order is or becomes final, by reason of the fact that the time given to plead over has expired, so as to determine the rights of the parties, full costs of appeal will be given.

MOTION by defendant to correct order of General Term, so as to allow defendant full costs, on appeal to this court.

The defendant demurred to the complaint. The demurrer was overruled at Special Term, with leave to defendant to answer on payment of costs of demurrer.

The defendant appealed to this court, from such order. The order of the Special Term was reversed, with ten dollars costs, and the demurrer was sustained, with leave to the plaintiff to amend, upon paying costs of demurrer, and ten dollars costs of the appeal.

*Mr. Kenyon,* for the motion.

*A. Schoonmaker, Jr.,* opposed.

BOARDMAN, J.:

An appeal may be taken from an order sustaining or overruling a demurrer to an entire pleading.* When such an order, that is, one simply sustaining or overruling the demurrer, is entered, it is substantially a judgment, because thereby the successful party is entitled to judgment thereon.

On appeal from *such an order*, or more properly the judgment to be entered thereon, the successful party is entitled to full costs, under section 307, subdivision 5.

But when leave is granted to amend a defective pleading, or to withdraw demurrer and plead, it becomes an interlocutory order until the leave expires, and if an appeal is taken from such an order, the costs to be allowed on appeal are ten dollars only. So, too, if the demurrer is a part of a pleading only, the costs, upon appeal from the order entered thereon, will be ten dollars only.†

When the demurrer is to the whole pleading, and the order gives no leave to plead over, it is a final determination of the rights of the parties. That makes it in substance a judgment under section 245, and not an order as defined in section 400. Hence the allowance of full costs on appeal from such orders. ‡

An order is the decision of a motion; a judgment is the decision of a trial. Whenever the decision which is the subject of an appeal is not *final*, it is an order, and the appeal will be treated as an appeal from an order in all respects. §

There are many other cases reported. In a number of them, the views herein expressed are not sustained. Not all the cases cited are consistent with each other. But I gather from a careful examination, the following conclusions as fairly sustained upon principle and authority:

1. Full costs are given upon an appeal from an order or judgment sustaining or overruling a demurrer to an entire pleading, when no leave is granted to plead anew.

* Code, sec. 349, sub. 2.

† 10 How., 221, 97; 4 Abb., 90; 3 id. (N. S.), 423; 3 Abb., 385; S. C., 13 How., 193; 11 Abb. (N. S.), 342; 1 Duer, 633; S. C., 8 How., 246; 19 Barb., 196; 12 N. Y., 591; 10 Abb. (N. S.), 137; 50 N. Y., 689.

‡ 10 How., 218; 18 id., 123; 11 Abb., (N. S.), 343; 13 Abb., 304; S. C., 22 How., 60; 4 Sand., 702; 8 How., 275.

§ 15 How., 57; S. C., 6 Duer, 689.

2. Ten dollars costs of appeal are given where the order sustains or overrules a demurrer to a part only of a pleading.

3. The latter sum is also given on appeal, where the order sustains or overrules a demurrer to an entire pleading, but gives leave to plead anew so long as the leave to plead is in force; but if the time to plead anew expires, and judgment is entered for want of a plea, on appeal from such judgment, full costs are allowed.

4. When the order is or becomes final, so as to determine the rights of the parties in that action, full costs of appeal will be given to the prevailing party upon such appeal.

5. While the order is interlocutory, and does not determine the final rights of the parties, it is an order and not a judgment, and, upon appeal, $10 costs only will be allowed.

If these conclusions are correct, the motion of defendant should be denied, with $10 costs to plaintiff.

BOOKES, J.:

When, by the order, liberty is given a party to amend or to answer over, the court is at liberty to fix and determine what costs must be paid *as a condition;* and this is so whether such condition be imposed by the Special Term, or by the General Term on appeal. With this additional remark, I concur with my Brother BOARDMAN.

MILLER, P. J., concurred.

Motion denied with $10 costs to plaintiff.