HOFFMAN v. BARRY.

*Costs on appeal — rules governing.*

Defendant appealed to the general term from an order at special term overruling a demurrer to the complaint, with leave to defendant to answer on payment of costs. The general term reversed this order with $10 costs, and the demurrer was sustained, with leave to plaintiff to amend upon payment of costs of demurrer and $10 costs of the appeal. *Held,* that a motion to allow defendant full costs on appeal should be denied.

Rules governing costs: 1. Full costs are given upon an appeal from an order or judgment sustaining or overruling a demurrer to an entire pleading when no leave is granted to plead anew. 2. Ten dollars costs of appeal are given when the order sustains or overrules a demurrer to a part only of a pleading. 3. The latter sum is also given on appeal where the order sustains or overrules a demurrer to an entire pleading, but gives leave to plead anew, so long as the leave to plead is in force; but if the time to plead anew expires and

judgment is entered for want of a plea, on appeal from such judgment full costs are allowed. 4. When the order is or becomes final, so as to determine the rights of the parties in that action, full costs of appeal will be given to the prevailing party upon such appeal. 5. While the order is interlocutory and does not determine the final rights of the parties, it is an order and not a judgment, and upon appeal $10 costs only will be allowed.

When, by the order, liberty is given a party to amend or to demur over, the court is at liberty to fix and determine what costs, or the amount which must be paid as a condition; and this is so whether such conditions be imposed by the special term or by the general term on appeal. Per BOCKES, J.

MOTION by defendant to correct order of general term so as to allow defendant full costs on appeal to this court. The action was brought by George Hoffman and another against Daniel Barry.

The defendant demurred to the complaint. The demurrer was overruled at special term, with leave to defendant to answer on payment of costs of demurrer. The defendant appealed to this court from such order. The order of special term was reversed, with $10 costs, and the demurrer sustained, with leave to plaintiff to amend upon paying costs of the demurrer, and $10 costs of appeal.

*A. Schoonmaker, Jr.,* for plaintiff.

*W. S. Kenyon,* for defendant.

BOARDMAN, J. An appeal may be taken from an order sustaining or overruling a demurrer to an entire pleading. Code, § 349, subd. 2. When such an order—that is one simply sustaining or overruling the demurrer — is entered, it is substantially a judgment, because thereby the successful party is entitled to judgment thereon. On appeal from *such an order*, or, more properly, the judgment to be entered thereon, the successful party is entitled to full costs under section 307, subd. 5.

But when leave is granted to amend a defective pleading or to withdraw demurrer and plead, it becomes an interlocutory order until the leave expires; and if an appeal is taken from such an order, the costs to be allowed on appeal are $10 only. So, too, if the demurrer is to be a part of a pleading only, the costs upon appeal from the order entered thereon will be $10 only. *Cook* v. *Pomeroy,* 10 How. 221 ; *Nolton* v. *Western R. R. Co.,* id. 97 ; *Phipps* v. *Van Cott,* 4 Abb. 90; *Christy* v. *Libby,* 3 Abb. N. S. 423; *Ford* v. *David,*

3 id. 385; S. C., 13 How. 193; *Bernhard* v. *Knapp*,11 Abb. N. S. 342; *Drummond* v. *Husson*, 1 Duer, 633; S. C., 8 How. 246; *Ives* v. *Miller*, 19 Barb. 196; *Paddock* v. *Springfield Ins. Co.*, 12 N. Y. 591; *Ferris* v. *Aspinwall*, 10 Abb. N. S. 137; *Barker* v. *Cocks*, 50 N. Y. 689.

When the demurrer is to the whole pleading, and the order gives no leave to plead over, it is a final determination of the rights of the parties. That makes it in substance a judgment under section 245, and not an order as defined in section 400. Hence the allowance of full costs on appeal from such orders. *Bauman* v. *N. Y. Cent. R. R. Co.*, 10 How. 218; *Harris* v. *Hammond*, 18 id. 123; *Hill* v. *Simpson*, 11 Abb. N. S. 343; *Mora* v. *Sun Mutual Ins. Co.*, 13 Abb. 304; S. C., 22 How. 60; *Reynolds* v. *Freeman*, 4 Sandf. 702; *Dolph* v. *White*, 8 How. 275.

An order is the decision of a motion; a judgment is the decision of a trial. Whenever the decision, which is the subject of an appeal, is not *final*, it is an order, and the appeal will be treated as an appeal from an order in all respects. *Lawrence* v. *Farmers' Loan and Trust Co.*, 15 How. 57; S. C., 6 Duer, 689.

There are many other cases reported. In a number of them the views herein expressed are not sustained. Not all the cases cited are consistent with each other. But I gather from a careful examination the following conclusions as fairly sustained upon principle and authority:

1. Full costs are given upon an appeal from an order or judgment sustaining or overruling a demurrer to an entire pleading when no leave is granted to plead anew.

2. Ten dollars costs of appeal are given when the order sustains or overrules a demurrer to a part only of a pleading.

3. The latter sum is also given on appeal where the order sustains or overrules a demurrer to an entire pleading, but gives leave to plead anew, so long as the leave to plead is in force; but if the time to plead anew expires, and judgment is entered for want of a plea on appeal from such judgment, full costs are allowed.

4. When the order is or becomes final, so as to determine' the rights of the parties in that action, full costs of appeal will be given to the prevailing party upon such appeal.

5. While the order is interlocutory, and does not determine the final rights of the parties, it is an order and not a judgment, and upon appeal $10 costs only will be allowed.

If these conclusions are correct, the motion of the defendant should be denied, with $10 costs to plaintiff.

BOCKES, J. When, by the order, liberty is given a party to amend or to plead over, the court is at liberty to fix and determine what costs or the amount which must be paid as a condition; and this is so, whether such condition be imposed by the special term or by the general term on appeal. With this additional remark I concur with my Bro. BOARDMAN.

*Motion denied.*