SARAH DERHAM, as Administratrix, etc., Respondent, *v.* ALICE
LEE, Executrix, etc., Appellant; JOHN P. SUNDERLAND, Re-
spondent.

This action was brought to recover for services rendered; judgment was
rendered against L., the original defendant, by default, which was assigned
by D., the original plaintiff, to S., with a covenant that a sum specified was
due thereon. The default was afterward opened, and L. answered. After
the issues were referred for trial, D. died. Plaintiff, as his administra-
trix, was, upon motion, substituted, and the prosecution directed to be
continued before the referee. The order recited that S. claimed an in-
terest in the cause of action, and gave plaintiff leave to serve a supple-
mental complaint, making him a party defendant. Such complaint was
served, which repeated the allegations of the original complaint; alleged
that S. claimed an interest in the sum due, and demanded judgment for
the amount, and that it be adjudged that S. has no interest. S. answered,
setting up the assignment to him and asking judgment against L. for the
amount due, and that plaintiff be adjudged to have no claim. The re-
feree found the facts as to the cause of action substantially as set forth
in the complaint, the assignment and ownership thereof by S., and as con-
clusion of law, that he was entitled to recover of L. the sum claimed,
with interest, and directed judgment accordingly. *Held* no error; that
the court had the power to adjust the rights, not only between the
plaintiff and defendants, but as between the co-defendant. (Code, §§ 446,
447, 452, 1204.)

(Argued January 19, 1882; decided January 31, 1882.)

APPEAL from judgment of the General Term of the Su-
perior Court of the city of New York, entered upon an order
made February 7, 1881, which affirmed a judgment in favor
of defendant Sunderland, against the original defendant Lee,
entered upon a report of a referee.

The action was commenced by Michael W. Derham against
John R. Lee (described in the summons as surviving partner
of the late firm of Lee & Dolan). The cause of action was
commissions earned by one Jackson, in procuring for Lee &
Dolan a construction contract; the amount claimed was $2,400.

The complaint alleged that the demand had been assigned
by Jackson to Ladd, and by him to the plaintiff. No answer
was put in, and judgment for the sum claimed went against
Lee by default.

Afterward, while still in force, the judgment was assigned to John P. Sunderland by Derham, with a covenant on his part that the amount of $2,821 was due upon it. The default was afterward opened, and the defendant Lee answered, admitting the death of Dolan, and denying all other allegations in the complaint. The issue joined was referred for trial. While it was still pending, the plaintiff, Derham, died. Afterward an order was obtained, upon due notice, reviving the action in the name of Sarah Derham, as administratrix of Michael W. Derham, and directing its continued prosecution before the referee already appointed.

It was recited in the order that "it appeared that John P. Sunderland claims an interest" in the cause of action; and it was thereupon ordered that the plaintiff have leave to serve a supplemental complaint, making him a party defendant. The case states that a supplemental complaint was served on the defendants Lee and Sunderland, and that each answered.

The supplemental complaint recited the allegations of the original complaint, and alleging, among other things, that Sunderland claimed an interest in the amount due from Lee, demanded judgment as before, and also that it be adjudged, that Sunderland has no interest in said claim. Sunderland, by his answer, admitted the allegations of the complaint as to the indebtedness of Lee, but set up the recovery of the former judgment by Derham, and its assignment, and the assignment of the cause of action to him, and prayed that he might have judgment against Lee for the sum stated in the complaint, with interest, and that Sarah Derham, as administratrix, be adjudged to have no claim, or interest therein, and for such other or further relief as might be just.

Lee repeated the matter of his former answer, recited the proceedings already had upon the trial, and the service of the supplemental complaint, professed ignorance as to the death of Michael Derham or the issuing of letters of administration to the plaintiff, or whether Sunderland had an interest as stated, and controverted the allegations in respect thereto. Upon the trial, the plaintiff gave evidence, tending to establish the cause

of action set out ·in ·the complaint, and the case shows, that Sunderland thereupon put in evidence the judgment above referred to, and an assignment of it executed to him by the then plaintiff, Michael W. Derham. No objection was made by the defendant Lee to this evidence. Thereupon he moved to dismiss the complaint, on the ground that no cause of action had been proved against him, or that Lee, or Dolan, or either of them, ever employed Jackson, or that Jackson ever performed any service for them, or either of them.

The motion was denied and the defendant excepted. He then called witnesses to controvert the case made and was himself examined for the same purpose. He testified to a claim made upon him by Sunderland after the judgment had been assigned, and that in consequence he employed a lawyer to see about removing it. He denied, in explicit terms, any employment of Jackson, and made such statements as, if believed by the referee, would have justified a report in his favor. Evidence was given in reply and at its close the case was submitted to the referee for determination. He found the facts substantially as stated in the complaint, the claim of Sunderland to the demand in suit, the order making him a party, and the assignment and ownership of the cause of action as alleged in his answer. As matter of law he found, *first*, that Sunderland, by virtue of the assignment, is legally entitled to all the interest the late Michael W. Derham had in and to the claim or matter in controversy; and *second*, that, as assignee of the original plaintiff, he was entitled to recover of Lee, as surviving part ner of Lee & Dolan, the sum of $2,400, with interest from the 7th of January, 1874.

Judgment having been entered in pursuance of these findings an appeal was taken to the General Term, where it was affirmed.

*Charles Jones* for appellant. · The finding of a fact without evidence or against undisputed evidence is an error in law. (*Mason* v. *Lord*, 40 N. Y. 476; *Mathews* v. *Coe*, 49 id. 57; *Sickles* v. *Flanagan*, 79 id. 224.) The referee erred in admit-

ting in evidence the copy of an account of Lee & Dolan as it appeared in the ledger of the New Haven, Middletown & Willimantic Railroad Company. (*Price* v. *Earl of Torrington*, Salk. 285; 1 Smith's Leading Cas. 139; 27 Law Libr. 227; *Bk. of Monroe* v. *Culver*, 2 Hill, 531; *Brewster* v. *Doane*, id. 537; *Ocean Nat. Bk.* v. *Carll*, 55 N. Y. 440.) This evidence bore directly upon the amount and cannot be disregarded, though it was cumulative. (*Osgood* v. *Manhattan Co.*, 3 Cow. 612; *Worrell* v. *Parmlee*, 1 Comst. 519; *Baird* v. *Gillett*, 47 N. Y. 186.) The referee erred in deciding that the defendant Sunderland was entitled to recover, and directing judgment in his favor against the defendant Lee. (Code, § 1204 [§ 274 old Code]; *Wells* v. *Smith*, 7 Abb. Pr. 261; *Tracy* v. *N. Y. St. Faucet Co.*, 1 E. D. Smith, 349–355; *Stephens* v. *Hall*, 2 Robt. 674; *Mech's., etc., Inst.* v. *Roberts*, 1 Abb. 381; *Norbury* v. *Seely*, 4 How. Pr. 24; *People* v. *Albany, etc., R. R. Co.*, 5 Lans. 25.) The defendant claiming relief was bound to prepare some paper in the form of a statement of a cause of action or a pleading, setting forth his claim against his co-defendant, and serve the same on his co-defendant. (*Decker* v. *Judson*, 16 N. Y. 439; *Jones* v. *Grant*, 10 Paige, 348; *Elliott* v. *Pell*, 1 id. 263.) The defendants can have relief against each other only in a case in which they have appeared and answered in reference to the claim made against them by the plaintiff, and as a part of the adjustment of that claim, and it must be based upon the facts involved in and brought out by the litigation and investigation of that claim. (*Kay* v. *Whittaker*, 44 N. Y. 565, 576; *Fink* v. *Allen*, 36 N. Y. Supr. Ct. 350, 359.) The power to bring in additional parties under section 122 of the old and section 452 of the new Code applies only to cases in which one or more of the original parties had such an interest as would enable them to sustain the action. (*Newman* v. *Marvin*, 12 Hun, 236; *Finck* v. *Allen*, 36 N.Y. Supr. Ct. 350.) The provision of section 122 for bringing in other parties is applicable only to equitable actions. (*Webster* v. *Bond*, 9 Hun, 437; *People* v. *Albany & Vt. R. R. Co.*, 15 id. 126.)

*D. Mitchell* for respondents. The court has the right to enter a judgment in favor of one party to an action against any other one, whether plaintiff or defendant, according to their rights. (Code, § 1204; *Budd* v. *Munroe*, 18 Hun, 316; *Hue* v. *Staples*, 51 N. Y. 136; *Barker* v. *Cocks*, 50 id. 689.) Even if there was any error in admitting the copies from the books of the N. H. M. V. W. R. R. Co., the defendant Lee was not prejudiced, as the fact is established by previous evidence that is not disputed. (*Schenck* v. *Dart*, 22 N. Y. 420; *Clapp* v. *Fullerton*, 34 id. 190; *Stafford P. Co.*, v. *Morheimer*, 46 N. Y. Supr. Ct.)

DANFORTH, J. It is now objected by the appellant that the referee erred in deciding that the defendant Sunderland was entitled to recover, and in directing judgment in his favor. The point was pressed with much earnestness, but, as it seems to me, is founded upon a misconception as to the nature of the action, and the power of the court having the facts before it to adjust the rights, not only between the plaintiff and defendants but as between co-defendants. It should be observed the action is not, as the appellant assumes, a mere common-law action, seeking judgment for a sum of money and no other relief. The plaintiff also sought to extinguish an adverse or hostile claim to that money; to have determined, not only the amount due from Lee, but the party to whom it should be paid. To reach this she introduced no issue to the delay or detriment of the appellant. If the claim of Sunderland had not been stated the defendant would, upon the evidence, have had a right to require the alleged assignee to be made a party in order that he might be protected from another suit. The plaintiff had the same right in order that no subsequent litigation should be necessary between her and the assignee. By the course taken, both parties are protected. The judgment has involved no issue between the defendants, but has been based upon facts, disclosed in making out the cause of action. Each party answered to it, and without the presence of Sunderland, there could have been no final determination of

the rights of the parties. Before trial Lee had been notified by Sunderland of the assignment. The plaintiff knew of it. Each, therefore, would have been subject to fresh suit by him; the plaintiff for the money recovered; the defendant for paying it over after notice. It was in equity a general rule, that all persons interested in the subject of the suit should be made parties either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and secure a final determination of their rights. (Story's Eq. Plead., § 72.) The provisions of our Code are not in derogation of this principle, but apply it to all actions where the controversy can be ended by one hearing and adjudication. (§§ 446, 447, 452.) The first section permits all persons having an interest in the subject of the action and in obtaining the judgment demanded, to be joined as plaintiffs, except in certain prescribed cases; the next allows any person to be made a defendant, who has, or claims an interest in the controversy, adverse to the plaintiff, or whose presence is necessary for a complete determination of a question involved therein, while the last requires the court to direct such other parties to be brought in. The case is within the spirit and meaning of these provisions. Whether the application to bring in Sunderland was made by the plaintiff, or by Sunderland, does not appear. It might have been by either, and it would be enough if the defendant already before the court had such an interest in having Sunderland made a party, as to authorize an objection to proceeding without him. (2 Paige, 278.) The plaintiff's rights depend upon the extent of Sunderland's interest under the assignment of her intestate, and the defendant's liability to her upon the same question. Moreover, the judgment is within the provisions of section 274 of the former Code, and section 1204 of the new. It determines the ultimate rights of the parties as between themselves, as they arise from the claim set up by the plaintiff, and this is allowable under a strict construction of those statutes.

The appellant also objects, that the evidence adduced was insufficient to make out a cause of action. I have examined the evidence and find that it is conflicting. It was for the

referee to determine as to the credibility of the various witnesses, and the weight of proof presented by either party. He accepted that of the plaintiff, and the General Term agrees with him in the estimate put upon it. Their conclusion cannot be disturbed by us, for there is testimony in its support. It is also objected that a certain extract from the book of the New Haven, Middletown and Willimantic Railroad Company was improperly admitted. It is not necessary to determine whether the case made for its admission was sufficient, under the Code as it now stands (§§ 929, 930, 931). I think there is doubt about it. But as evidence, it was not material. The facts embraced in it had been otherwise etablished — indeed, were not controverted. There are other exceptions, especially to the declarations of Dolan, and an argument has been made to show that evidence of that character is to be received with caution, and is usually unreliable. We think they were admissible, and their weight was for the referee. If these views are correct, the case was properly disposed of, and the result reached by the referee should not be disturbed.

The judgment appealed from should, therefore, be affirmed.

ANDREWS, Ch. J., RAPALLO and MILLER, JJ., concur; EARL, FINCH and TRACY, JJ., dissent.

Judgment affirmed.