## PRICE *v.* HOLMAN *et al.*

*(Supreme Court, General Term, Third Department. July 2, 1888.)*

1. HUSBAND AND WIFE—LOAN OF WIFE'S MONEY—COMPOUND INTEREST.
   Defendant's testator having loaned a sum of plaintiff's money, she being his wife, including it with his own funds in a mortgage taken for such loan, collected a portion of the mortgage debt, and the interest annually during his life-time, after which defendants continued to collect such interest, both testator and defendants denying plaintiff's right to any portion of the mortgage debt. *Held*, in an action to establish her claim to said fund and to recover the same, that she was entitled to interest upon the interest so collected, though she had made no demand for such interest when received.

2. ESTOPPEL—BY ACTS.
   In such case, judgment having been rendered by the special term for the amount so loaned, with simple interest, and the same declared a lien on said mortgage, the judgment further providing that, upon the payment thereof, defendants should be discharged from liability, and that the present action, already instituted to establish defendants' liability for compound interest, be discontinued, which upon appeal was reversed by the general term as to the discharge of defendants, and discontinuance of this action, virtually deciding the action maintainable, payment of said judgment, and plaintiff's acceptance thereof, is not a bar to the further prosecution of the present action.

Appeal from circuit court.

Action by Constance B. Price against De Witt C. Holman and others, executors of the will of Walter W. Price, late husband of plaintiff, to recover in-

:terest on funds used by testator belonging to plaintiff. Judgment for defendants, and plaintiff appealed.

*John L. Hill,* for appellant.    *M. A. Sheldon,* for respondents.

INGALLS, J. The view which we take of this case does not render it necessary to trace with particularity the history of this controversy, which has extended through years, as the statement, in a general way, of a few of its features will suffice to present such view. The first action commenced by the plaintiff was based upon the theory that Walter W. Price, her husband, being possessed of the sum of $10,000 which belonged to the plaintiff, included the same in a loan which was secured by a mortgage for $50,000 executed to him by Theophilus and Theophilus E. Roessle. The mortgage did not show upon its face that the plaintiff had any interest therein, and the purpose of that action was to establish the fact that she was interested in said loan and in said mortgage, to the extent, as she claimed, of $10,000. It was determined therein that she possessed such an interest, but only to the amount of $5,000 of principal, besides interest thereon. The second action seems to have been sanctioned by the court, as appears by the opinion which was delivered upon the decision by the general term of the motion by the plaintiff for leave to file a supplemental complaint, and which motion was denied, and such opinion contains the following: "It would be more in accord with legal and regular proceedings for the plaintiff, after entering her judgment to the effect that she is the owner of $5,000 of the mortgage debt, and interest, to the protection of the mortgage, etc., to undertake to establish the liability of the defendants' executors for moneys collected and received by them, with :such interest as the facts shall show she is entitled to." The learned justice who tried such action recognized and acted upon such decision, as appears by his opinion, in which he says: "The defendants claim that the judgment in ;the former suit, establishing that the plaintiff's claim in the mortgage to be :five thousand dollars, and the interest thereon from the date of the mortgage, fixes the ultimate liability of defendants to the plaintiff, and is a bar to this .action. I do not think I am at liberty to so hold, in view of the decision of the general term practically reversing that portion of the order of the special ;term directing a discharge of defendants' liability, and a discontinuance of .this action, upon payment of the sum of five thousand dollars, and interest ;thereon from the date of the mortgage. The effect of such modification is ,that the plaintiff is or was, at the time of such modification, at liberty to prosecute this action for the purpose of establishing a liability beyond the .amount of the loan of five thousand dollars, and simple interest thereon from the date of the mortgage." The condition of this litigation, therefore, pre-,sents these two questions: Whether the receipt of the $17,000 and interest annually upon the entire sum remaining due upon the mortgage, and the treatment and management of the sum so received by Price in his life-time, and by his executors since his death, equitably impose upon the defendants .and give the plaintiff the equitable right to recover of the defendants, as such trustees, any sum beyond the amount of plaintiff's loan of $5,000, and the interest thereon from the date thereof beyond the legal rate; and what was the ,effect of plaintiff's taking the sum ordered to be paid by defendants into court, which comprised the $5,000, and legal interest thereupon from the date of the mortgage to the time it was deposited in court under its order? This action was instituted by the plaintiff to carry into effect such adjudication in the first action, and to secure the fruits thereof, by compelling an accounting in regard to the trust thus established, which embraced the principal sum of .$5,000, money of the plaintiff, which was loaned by the said Walter W. Price to the Roessles, and also in regard to the interest which her said husband received upon such loan during his life-time, and the interest which the said .defendant, the executors and trustees, have received since his decease; and

also to charge them, respectively, with compound interest in consequence of their improper management of the fund, and their neglect to pay over such interest to the plaintiff. The complaint contains the following allegation: "(6) And the plaintiff further alleges, upon information and belief, that, after the said mortgage had been made and delivered to the said Walter W. Price, he received divers sums of money from the defendants Theophilus and Theophilus E. Roessle by which about seventeen thousand dollars of the principal sum secured by said bond and mortgage were paid, together with the interest thereon, and the interest upon the balance of said principal, and thereafter, and after the death of said Walter W. Price, the defendants, who are his executors and executrix, received and collected the interest with substantial regularity upon said bond and mortgage, and that such interest is nearly all paid; but how much, if any, more of either the principal or interest has been paid, the plaintiff does not know, and cannot state." The prayer for relief contained in such complaint seems to be sufficient; and if it were not so, as the parties have appeared, the court could allow it to be made so.

Under the provisions of the Code of Civil Procedure, the court is authorized to adjust the rights of all the parties who have appeared in the action, not only between the plaintiff and defendants, but between any of the parties represented. Section 1204 provides as follows: "Judgment may be given for or against one or more plaintiffs, or for or against one or more defendants. It may determine the ultimate rights of the parties on the same side, as between themselves; and it may grant to a defendant any affirmative relief to which he is entitled." *Derham* v. *Lee*, 87 N Y. 599; *Barker* v. *Cocks*, 50 N. Y. 689. In this case such provision of the Code is peculiarly applicable, as all the rights of the parties spring from the same transaction; and it is eminently proper that the rights and interests of all the parties, legal and equitable, should be adjusted in this action, to the end that multiplicity of actions may be avoided. It appears that Walter W. Price received of the principal of such mortgage $17,000, and the interest annually upon the mortgage debt. By the order of the court, the executors were empowered to pay into court the sum of $12,864.82 in discharge of the judgments recovered by the plaintiff, which included the $5,000, and simple interest thereon, and the costs awarded to her. There was deposited, pursuant to the order, with the treasurer of Washington county, by the executors of Walter W. Price, the sum of the $12,984.91. We do not understand how the amount was increased to that sum, and it is not necessary that we should, as there is no dispute in regard to the identity of the fund. Subsequently the said money was drawn at the instance of the plaintiff. The plaintiff insists that as her husband, Walter W. Price, received annually the interest upon the $5,000, and retained the same, mingling the money thus received with his own funds, that she is entitled to recover interest upon such interest moneys from the time such payments were made, respectively, upon the theory that, as between her husband and herself, the interest thus received and retained by him became principal in such sense as to entitle her to interest thereon; that the money thus received by him was received for her benefit, and in equity and good conscience he was bound to pay the same to her, which he not only neglected to do, but denied that she was entitled either to the principal or the interest. Under such circumstances, it would seem that the plaintiff would have a valid claim against the estate of her deceased husband, or in the fund created by the mortgage, as a part of such estate, to the extent of her claim of interest upon such annual payments of interest. It does not seem to be a valid answer to her claim that she did not prove upon the trial that she demanded such interest money from time to time as it was the duty of the husband to pay it over; and certainly the attitude which he assumed in regard to her right thereto should deprive him of any such defense to her claim, and equally bind those who represent his estate. The views expressed by the members of this court

in deciding the appeal from the order of the special term granting leave to said executors to pay the money into court, as appears by their opinions, seem to favor the theory advanced by the plaintiff in regard to her claim.    Justice LEARNED, in his opinion, remarks: "It will thus be seen that, so far as the action secondly commenced sought to recover the $5,000 and interest, it was unnecessary.    The plaintiff had been adjudged to have a lien on the bond and mortgage, and to be entitled to the benefit of any judgment thereon.    Until there was a refusal on the part of the executors to pay that lien upon demand, an action such as was secondly commenced was unnecessary, and, perhaps, could not be sustained.    This remark does not apply to the demand for annual rests.    The order appealed from directs that, on the payment into court of the moneys above mentioned, this action, secondly commenced and first above entitled, shall be discontinued, and either party may enter an order to that effect.    In this respect we think the order should be reversed.    Possibly, some other modification of language may be necessary, especially as to the part which discharges the executor from all liability in respect to the bond and mortgage, and requires from the plaintiff and others a release.    In brief, we think that the executors are entitled to satisfy the judgment in the action first commenced, by paying the amount into court, and thereupon receiving the proper discharge as to that judgment.    As to the other action, we think it cannot be discharged by our compulsory order."    Justice LANDON states as follows:  "I concur with the presiding justice in the result.    The defendants in the first action are entitled to satisfy the judgment, and extinguish plaintiff's lien upon the mortgage.    But if the mortgagee received moneys as trustee for the plaintiff, and converted them to his own use, then as to the increment of those moneys, whether arising from the actual profits therefrom or by law chargeable against him, he may be found to be the debtor of the plaintiff, not as to the proceeds of the bond and mortgage, but as the penalty of his conversion of such proceeds to his own use.    The complaint in the second action proceeds upon this theory, and the plaintiff cannot be compelled to abandon it, except upon a trial upon the merits, unless the defendants pay into court the full amount demanded.    We do not intend even to intimate that the executors have been guilty of any improper conduct in regard to the fund in question; but if, upon further investigation, it should be made to appear that the estate of Walter W. Price should be charged with the payment of the claim asserted by the plaintiff, the executors may be required to pay the same out of moneys in their hands derived from such bond and mortgage, or from some other source."

The learned justice who tried this case at the circuit seems to have been of the opinion that the plaintiff, by withdrawing from the court the money so deposited, had concluded herself from asserting the claim which she then made, and now here insists upon.    His decision in this case contains the following conclusions of law, which were excepted to by the plaintiff.    That the judgment in the former action, to which this is supplemental in a certain sense, having been paid and satisfied, this action cannot be maintained after plaintiff's and her attorney's acceptance of the moneys from the treasurer; that, the whole of the principal debt claimed having been paid to and voluntarily received and accepted by plaintiff, she cannot maintain this action to recover interest, upon the facts proved and found in this case; that the whole of the principal involved in this action, with interest thereon, having been paid to and voluntarily accepted by plaintiff, she cannot maintain this action to recover more interest, upon the facts proved and found in this case; that the only sum or amount for which defendants, as executors, ever since said judgment, were liable to account to plaintiff by reason of any trust referred to in the complaint herein, was said sum of $5,000 and interest.    We are unable, in view of the facts of this case, to assent to the legal proposition upon which the learned justice seems to have disposed of this case adversely

to the plaintiff. This court greatly modified the order of the special term, which authorized the depositing of such money by the executors with the treasurer; and such modification carried with it, we think, such a restriction in regard to the effect of such payment into court as fairly to convey the impression that such order was not intended to prevent the plaintiff from asserting a claim to an additional amount against the estate of her husband. Nor do we think that the drawing of the money, thus deposited in court, by the plaintiff, concluded her from asserting such claim, and, if established by competent evidence, from recovering the same. Such decision of the learned justice was material, and clearly prejudicial to the plaintiff's case. We do not intend to deny the legal proposition that where a creditor accepts from a debtor the principal of a debt, that he cannot afterwards maintain an action to recover the interest, which is a mere incident thereto; but it must very clearly appear that the sum received was understood to be principal, and not a payment generally upon the entire debt, including interest as well as principal. This case, upon the plaintiff's theory, is not brought within the principle above stated. The interest, when received by Walter W. Price, according to plaintiff's contention, became principal, as has been before remarked, and therefore the payment of the $5,000 would not have the effect to cancel the plaintiff's claim to such compound interest.

We conclude that an error was committed at the trial which calls for a reversal of the judgment, and a new trial which should be had, with costs to abide the event.