### PRICE v. HOLMAN et al.

*(Supreme Court, General Term, Third Department.    November 30, 1891.)*

SECOND APPEAL—CASE UNCHANGED—REVERSAL.

A case was tried at special term without a jury, and dismissed on the merits. On appeal this judgment was reversed, and a new trial granted. On the second trial the same case was presented as on the first, and the case dismissed again on the merits. *Held*, on appeal, that the second dismissal would be reversed on the strength of the former decision, without discussing the merits of the case.

Appeal from special term, Warren county. Reversed.

Action by Constance B. Price against De Witt C. Holman and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. For prior report, see 2 N. Y. Supp. 184.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Lansing & Cantwell* and *Lockwood & Hill,* (*John L. Hill* and *James Lansing,* of counsel,) for appellant. *Hughes & Northup,* (*Lyman H. Northup* and *A. D. Wait,* of counsel,) for respondents.

LEARNED, P. J. This litigation, in its two actions, has been often before the courts. The first, commenced in 1873, under the title of *Price* v. *Brown,* was decided in this court January, 1884; affirmed, 98 N. Y. 388. In that

case and in the second a motion to pay money into court was made and granted, which was in certain material respects reversed in this court, November, 1885, reported in 38 Hun, 641, *mem.*, and the appeal from the reversal to the court of appeals was decided March 6, 1886. 101 N. Y. 683.[1] This second action, commenced in 1883, was tried in March, 1887, before the special term without a jury, and the complaint was dismissed on the merits. On appeal the judgment was reversed, and a new trial granted, costs to abide the event, July 2, 1888. 2 N. Y. Supp. 184. It came on to be tried again in June, 1890. The case was tried, so far as we see, upon the same evidence as before. The learned justice who tried it says in his opinion: "The case, as submitted on this trial, is substantially the same as on the former trial. The respondent's brief admits this." But the learned justice dismissed the complaint on the merits. He says "that the general term did not see in this case, as then presented, room to sustain the plaintiff's claim." If this were so, the general term would not have granted a new trial. No question as to the exclusion of evidence, and no disputed question of fact, were before them. Indeed, the facts were almost entirely documentary. We cannot understand, therefore, when the general term reversed a dismissal of the complaint on the merits and granted a new trial, how it could be thought that the opinion of that court "assumed [as is said by the learned justice] that further proof and investigation might yet develop a state of facts that would render the estate thus liable." If the facts proved on the former trial did not show the defendants to be liable, then the dismissal of the complaint on that trial was right, and would have been affirmed. It was reversed because it was erroneous; and, as the same evidence was produced on the second trial, the dismissal of the complaint on that trial was erroneous also. We do not propose to discuss the merits of the case again, when we have once decided the matter. We simply refer to the former decision. If the defendants consider that erroneous, they have the remedy of appeal. Judgment reversed, new trial granted, costs to abide the event. All concur.