BRECK et al. v. UNITED STATES TITLE GUARANTY & INDEMNITY CO. et al.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

1. JURY (§ 13*)—RIGHT TO JURY TRIAL—ISSUES.

     Issues as to whether bankrupt rendered services to defendant at its instance and request, and, if so, the value thereof, were properly triable by a jury.

     [Ed. Note.—For other cases, see Jury, Dec. Dig. § 13.*]

2. APPEAL AND ERROR (§ 1178*)—BASIS—VERDICT OR FINDINGS.

     Since a judgment can only be supported by a verdict or finding in an action on a claim, a judgment for one of several plaintiffs, claiming parts of a single fund by assignment, will be reversed where the only issue determined was the amount due from defendant, which was insufficient to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

satisfy all, though the pleadings raised equitable issues as to how that amount should be distributed among the claimants, and the case will be remitted for a settlement of such issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4614; Dec. Dig. § 1178.*]

3. JUDGMENT (§ 207*)—AFFIRMATIVE RELIEF TO DEFENDANT.

In an action on a claim by assignees thereof, another assignee was made a defendant because he refused to join as a plaintiff. On a verdict for plaintiffs, the court erred in awarding one of plaintiffs the entire recovery; there being no findings on issues as to the rights of the several assignees. *Held,* that the fact that defendant was a defendant does not affect his right to a reversal, since the issues, so far as he was concerned, were not passed upon; nor is it any objection that he failed to answer, his claim being set up in the complaint and proved.

[Ed. Note.—For other cases, see Judgment. Dec. Dig. § 207.*]

Appeal from Special Term.

Action by Charles J. Breck, trustee in bankruptcy, of Louis C. Whiton, and others, against the United States Title Guaranty & Indemnity Company and others. From an order directing entry of a judgment for plaintiff Harriet B. Whiton against defendant company, plaintiff Breck and defendant Adolph C. Hottenroth appeal. Reversed and remitted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clarence R. Freeman, for appellant Breck.

Louis C. Whiton (Herbert F. Andrews, of counsel), for respondent Harriet B. Whiton.

CLARKE, J. This is an appeal from an order of the Special Term, Part 1, made on a motion directing that judgment herein be entered against defendant the United States Title Guaranty & Indemnity Company in favor of Harriet B. Whiton, one of the plaintiffs. The summons and complaint were served in February, 1904. Louis C. Whiton was a party plaintiff, together with Harriet B. Whiton, John B. Sabine, Edwin B. Holdridge, and Elmer E. Breck. The complaint set up a claim for work, labor, and services rendered by Whiton to the Long Island Title Guaranty Company, which were claimed to be reasonably worth the sum of $10,000, and that the defendant company had assumed the liabilities of the Long Island Title Guaranty Company. The complaint further alleged an assignment for valuable consideration on September 29, 1902, of $1,920 of the claim to Harriet B. Whiton; on the same day an assignment of $650 to A. A. Bell, thereafter by her assigned to Harriet B. Whiton; an assignment on the same date for $500 to G. H. Johnson, thereafter assigned to Harriet B. Whiton; an assignment on the same date of $1,000 to J. W. Little, thereafter assigned to Harriet B. Whiton—making the total interest in the claim vested in the plaintiff Harriet B. Whiton, by virtue of assignments dated September 29, 1902, $4,070. The complaint also alleged an assignment to plaintiff John B. Sabine, proved upon the trial to have been October 15, 1902, for $1,000; also an assignment on April 4, 1903, to Edwin B. Holdridge of $500, and on June

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

1, 1903, an assignment to Elmer E. Breck of $450; also an assignment to defendant Adolph C. Hottenroth, who was made a defendant, as he refused to be joined as a party plaintiff, for $600, alleged to have been made October 21, 1902, but proved upon the trial to have been dated September 29, 1902; also an assignment September 29, 1902, to defendant George J. Grossman, who refused to join as a party plaintiff, of $250. In the original complaint the plaintiffs demanded judgment against the company, according to their respective interests therein, for $10,000, with interest thereon from December 12, 1902. On July 20, 1904, the plaintiff Louis C. Whiton was adjudged a bankrupt, and Charles J. Breck, as trustee, was duly substituted as one of the plaintiffs on April 5, 1907. March 6, 1908, Breck, as trustee, served a supplemental complaint, being identical with the original complaint, except that it set up the bankruptcy of Whiton and the appointment of Breck as his trustee, and demanded judgment against the defendant company for the sum of $10,000. May 20 to 28, 1908, the cause was tried by the court and a jury, and a verdict rendered for the plaintiff for $2,650 and interest, amounting in all to $3,518.31. Proposed judgments were submitted by plaintiff Harriet B. Whiton, claiming the entire amount of the verdict; Charles J. Breck, as trustee, making a similar claim, and defendant Hottenroth asking an apportionment of the judgment between himself and the plaintiff Harriet B. Whiton. Judgment was ordered entered for Harriet B. Whiton. The plaintiff trustee in bankruptcy and the defendant Hottenroth appeal.

As will be seen, the trustee in bankruptcy has no beneficial interest in the recovery, as the assignments prior to the act of bankruptcy amounted to $6,020, with interest. The court said:

"The action was not in equity, to adjust the right and interest of all the parties before the court. It was on contract, with a demand for judgment in the specific sum in favor of the plaintiffs. Therefore the judgment under the verdict for plaintiff cannot be apportioned in favor of one or more defendants. The only question is between the plaintiffs. Of these the trustee in bankruptcy has neither personal interest or claim. His status arose from the bankruptcy of the assignor of the claim on which the action was founded. The creditors of the bankrupt in this case could have no claim in the thing assigned before the bankruptcy, and the only function left to the trustee to perform, if the judgment ran to him, would be to pay it over to Harriet B. Whiton, the other plaintiff, less his commissions incident to his office."

The difficulty about this case, as I view it, is that the only thing determined by the verdict was the amount due on the principal claim from the defendant company upon the claim of Whiton for the value of his services, and although the court upon that trial was asked to direct the jury, if they found a verdict against the defendant, to find for the plaintiffs the respective amounts due each plaintiff, this motion was denied. Therefore the sole issue presented to and determined by the jury was the amount due from the defendant company.

The pleadings in this case presented both equitable and common-law issues. The common-law issue was, had Whiton rendered work, labor, and services to the defendant company at their instance and request, and, if so, what was the value thereof? This question was properly triable before a jury. The equitable questions were, it having

been determined that an amount was due from the defendant company, how was that fund to be distributed among the various people having claims thereto by assignment or otherwise, as set forth in the pleadings? In this respect the case bears a resemblance to Derham v. Lee, 87 N. Y. 599, where the court said:

"It should be observed the action is not, as the appellant assumes, a mere common-law action, seeking judgment for a sum of money and no other relief. The plaintiff also sought to extinguish an adverse or hostile claim to that money—to have determined, not only the amount due from Lee, but the party to whom it should be paid. * * * Before trial Lee had been notified by Sunderland of the assignment. The plaintiff knew of it. Each, therefore, would have been subject to fresh suit by him—the plaintiff for the money recovered; the defendant for paying it over after notice. It was in equity a general rule that all persons interested in the subject of the suit should be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits and secure a final determination of their rights. The provisions of our Code are not in derogation of this principle, but apply it to all actions where the controversy can be ended by one hearing and adjudication."

In the case cited, however, the action having been tried before a referee and appropriate findings having been made by him, there was no difficulty in entering a judgment which could be supported by such findings. It seems to be clear that a judgment can only be supported by a verdict or findings. In the case at bar there is a verdict; but it only settled one issue, and that was, how much was due by the defendant company upon the main claim, and in form that was rendered by the jury for the plaintiff in the singular, while the record shows five plaintiffs of record, basing their claims upon various grounds. It seems that we should consider that to have been done which ought to have been done, namely, the entry of an order directing the separate trial of the common-law issues, and that in obedience thereto the common-law issues have been tried and disposed of. That being so, the case should go back to the Special Term for a settlement of the equitable issues, namely, the priority of the claims and the amount due upon each one.

While the evidence may be sufficient, there is no finding in that regard. It should be noted that Mr. Hottenroth's assignment bears the same date as that of Mrs. Whiton, and the question still remains whether he is not entitled to a proportionate share of the amount found due from the defendant company. To be sure, he was a defendant, and the verdict was for the plaintiff; but the issue, so far as he was concerned, was not passed upon by the jury. Nor is it any objection, as it seems to us, that he interposed no answer; for his claim was set up in the complaint and proved upon the trial, and he was made a party defendant simply because he declined to be a plaintiff. He served a notice of appearance and a demand that all papers should be served upon him, and apparently was satisfied with the statement of his claim made in the complaint, and regarded an answer under those circumstances unnecessary.

We think, therefore, that the order appealed from should be reversed, and the case remitted to the Special Term for the trial of the equity issues undisposed of, and, under the peculiar circumstances, without costs to any party as against the other. All concur.