## SUTHERLAND, administrator, &c. *vs.* ROSE,

The defendant having commenced the foreclosure of a mortgage given to him by the plaintiff, by advertisement, claiming that there was due thereon $4312.67, the plaintiff brought this suit, to procure the cancellation and satisfaction of the mortgage, on the ground that it been paid. The defendant, in his answer, denied that the mortgage was paid, and claimed, by way of affirmative relief, judgment of foreclosure and sale, for the payment of the amount due. The case was tried before a referee, who reported the sum of $3405.75 as being due and unpaid upon the mortgage. On the hearing, at special term, upon the referee's report, the defendant waived all claim to affirmative relief, and the court dismissed the complaint, with costs.

*Held* that the waiver of the defendant did not change the issue joined by the pleadings; nor prevent the court from determining the amount due upon the mortgage, or from allowing the plaintiff to redeem by the payment of such amount.

That though the defendant might decline the affirmative relief to which he was entitled, yet such waiver should not deprive the plaintiff of the legitimate fruits of the trial upon the issue joined.

*Held, also,* that the amount due having been litigated between the parties, and settled by the report of the referee, no injustice could be done by decreeing the satisfaction of the mortgage, upon the payment by the plaintiff of the amount so found due, with interest. But that great injustice might be done by compelling the plaintiff to retry the case under circumstances subjecting him to hardship, expense and possible loss of testimony.

And that such a case demanded the aid of a court of equity, because the defendant was endeavoring to foreclose his mortgage for a greater amount than was found due by the referee.

Where neither party has excepted to the findings of a referee, neither party can object to the report, or review it on appeal. It must be taken as correct.

Where a party has filed exceptions to the report of a referee, they should be incorporated in the case. If they are not inserted in the case, the court will assume that no exceptions were taken.

Sutherland *v.* Rose.

Exceptions not noticed in counsel's points, nor argued, are to be deemed waived.

Though errors may have been committed in the reception or rejection of evidence, in an equity case, the court will not notice them, so long as they can see that the facts found are sustained by unobjectionable evidence.

After the death of a mortgagor, his *heirs* are the persons primarily liable for any unpaid balance due upon the mortgage; and they alone can ask to redeem, and have the mortgage canceled and satisfied.

An action for that purpose can not be brought by the *adminstrator* of the mortgagor; and the heirs, not being parties to such an action, will not be bound by its result.

THIS action was brought to procure the cancellation and satisfaction of a mortgage held by the defendant against the plaintiff's intestate, claiming that the same had been fully paid. The defendant had begun a foreclosure of said mortgage, by advertisement, claiming to be due thereon $4312.67. The defendant in his answer denies that said mortgage is paid, and claims, by way of affirmative relief, judgment of foreclosure and sale of the mortgaged premises, for the payment of the amount due. The case was tried before a referee, and by his report the sum of $3405.75 was found due and unpaid upon the mortgage. Neither party, so far as appears, excepted to the findings of the referee, and the case was brought to a hearing on the referee's report, at a special term, at which time the defendant, upon the argument, waived all claim to affirmative relief, and the court dismissed the plaintiff's complaint, with costs of the action. Judgment was entered against the plaintiff for $266.72 costs. The plaintiff appealed from this judgment.

*L. J. Burditt,* for the plaintiff.

*Jas. E. Dewey,* for the defendant.

BOARDMAN, J. It is the duty of the courts to end litigation, to settle difficulties, and determine the rights of parties as fully and finally as the circumstances of each case will permit. In this view, I have endeavored to ascertain if there

was any just, equitable, or legal reason why this court should not adjudge the amount unpaid upon the defendant's mortgage, as reported by the referee, and that the plaintiff might redeem by payment of such amount, with interest, and enjoining the defendant from foreclosing or enforcing said mortgage for a greater sum. I can see no reason why such a judgment should not be entered in this action. The case has been tried, at great cost and labor, upon this issue and no other. The defendant asked of this court affirmative relief to foreclose this mortgage for the amount due; the plaintiff denied that any thing was due, and demanded that it should be satisfied of record. Issue being thus joined, the case was referred to a referee to state the account between these parties and report the same to this court.

Over four hundred folios of evidence, all relating to the payments upon said mortgage, are returned. The referee has ascertained and reported the amount due, and the parties come before the court to ask for such judgment as the case, upon the evidence, report and pleadings will warrant.

Here, for the first time, is an attempt made to avoid the issue which has been so laboriously tried. The defendant waives all claim to affirmative relief, that is to say, he does not ask for judgment of foreclosure and sale. I will not stop to inquire whether the defendant has such right. I will assume that he has. What is the effect of such waiver? It does not change the issue joined by the pleadings. It does not prevent the court from determining the amount due upon the mortgage, nor from allowing the plaintiff to redeem by the payment of such amount. Because these are the very facts in issue by the pleadings. The defendant may decline the affirmative relief to which he is entitled, but such waiver shall not deprive the plaintiff of the legitimate fruits of the trial upon the issue joined. The report of the referee is the property of either party — each may use it for the purpose of acquiring a judgment — such judgment as the issues, evidence and report warrant. It will not do, because

one party is dissatisfied with the report, and thinks he can do better upon another trial, that the other party shall be compelled to take the risk of such new trial.

The case of *Campbell* v. *Consalus*, (25 *N. Y. Rep.* 613,) is not a parallel case. The issue in the case of *Consalus* v. *Sims*, there referred to, was simply whether the defendant's mortgage was fully paid, so that the court could decree a satisfaction. There was no claim for an accounting or to redeem, nor did the defendant, in his answer, ask affirmative relief of any kind. He simply denied the payment of the mortgage. The referee found the mortgage was not paid, and that a certain amount was due. The court thereupon dismissed the complaint. That was all that could be done, under the pleadings and proof. No other judgment was consistent with the relief demanded by either party, or the issue joined, unless a stipulation in that case obviated that difficulty. The court hold it does not, and use this suggestive language: "If the stipulation as to amending was intended to apply to the pleadings in the action, and if by it was intended that Sims' answer should be considered as amended *so as to ask for affirmative relief* and allow him to enter judgment for the amount reported due," &c. But one inference can be drawn from such language, and that is that in the case supposed, the amount due as reported could have been established, and made conclusive by the court. The case of *Campbell* v. *Consalus* was an action to foreclose that same mortgage, and all that the court in fact hold is, that the amount reported due by the referee in the case of *Consalus* v. *Sims* was not binding upon the parties in this action to foreclose. Indeed we might fairly infer from the language above quoted, that if such an issue had been formed by the pleadings and trial, the report of the referee of the amount due would have been held conclusive. The court in fact say: "To make such proceedings and judgment thus (as to amount due) conclusive, it should have appeared, not only that the amount due on the mortgage was litigated and

found by the referees ·in such prior action ; but it should also have appeared, by the record of judgment in such prior action, that the amount due on the mortgage was put in issue by the pleadings in such prior action." All these facts appear in the case now under consideration. (*Young* v. *Rummell*, 2 *Hill*, 478–481.)

The case of *Beach* v. *Cooke*, (28 *N. Y. Rep*. 508,) is more nearly analogous to the case under consideration. That action was brought to have a mortgage canceled and satisfied, alleging payment. It also prayed that the balance, if any was due on the mortgage, should be ascertained by the judgment of the court, and that other demands of the plaintiff should be applied to the payment or reduction of such balance, and a general prayer for such relief as the nature of the case should require. The answer denied the payments, and claimed that $10,000 was still unpaid thereon. The issue (when the defendant waived his affirmative relief in this case) became substantially the same in both cases, i. e. what amount (if any) remains unpaid upon the several mortgages. Can it be doubted that the defendant, after waiving his claim for affirmative relief, would still have been entitled to the judgment of the court establishing the amount due upon his mortgage, and that such judgment would have bound the plaintiff on any subsequent proceedings for the foreclosure of such mortgage? If that could be done by the defendant, of course the plaintiff had the same right. The report of the referee is not for the exclusive benefit of one of the parties.

If, then, the issues in the two cases are the same, and those issues have alike been tried and reported on by the referee, there is no reason why judgment in both cases should not be given, alike establishing the amount due and authorizing a redemption on that basis. I think *Beach* v. *Cooke* would sanction the modification asked for by the plaintiff's counsel.

Independently of the view just taken, the case of *Beach*

Sutherland *v.* Rose.

v. *Cooke* is authority for granting the relief demanded by the plaintiff. Selden, J. (*p.* 534,) says: "Regarding this as an action *quia timet* merely, to remove the cloud of the mortgage from the plaintiff's title, upon the allegation that the mortgage was fully paid, it was entirely proper, when the evidence showed that a balance remained unpaid, to grant the relief demanded by the plaintiff, *conditionally,* as was done by the court below." (2 *Story's Eq. Jur.* §§ 693, 707.)

If, then, the amount due was litigated between these parties and settled by the report of the referee, no injustice can be done by decreeing the satisfaction of the mortgage upon the payment, by the plaintiff, of the amount so found due, with interest. Great injustice might be done by compelling the plaintiff to retry this case again, under circumstances which may subject him to great hardship, expense and possible loss of testimony.

The remarks of Selden, J. in *Beach* v. *Cooke,* are applicable to this case: "It would certainly be a cause of reproach to the administration of justice, if on that state of facts, the court could give no judgment except to dismiss the action, leaving the parties to repeat the same tedious process, in another form, before the controversy between them could be ended." This case demands the aid of a court of equity in far greater degree than *Consalus* v. *Sims,* or *Beach* v. *Cooke,* because the defendant is endeavoring to foreclose his mortgage for a greater amount than is found due by the referee.

It only remains to inquire whether any injustice will be done the defendant by such modifications of the judgment below. So far as appears, neither of the parties excepted to the findings of the referee. In that case neither party can object to such report, or review it on this appeal. It must be taken as a correct statement of the account. The case furnishes enough evidence, free from exception, to warrant the referee in his finding of facts.

But the defendant claims that final judgment, except of

affirmance, should not be pronounced by this court, for the reason that his exceptions to the report have not been heard or considered. If the defendant filed exceptions to the report, they should have been incorporated in the case. Not being in the case, the court must assume that no exceptions were taken to the report. The other exceptions taken to the evidence upon the trial are before the court, and can be reviewed on this appeal. Where the facts are specially found by the court, referee or otherwise, the character of the judgment to be entered may be as definitely and finally settled by the general term as by the special term. It is only necessary to grant a new trial when errors have been committed, upon the trial, which affect or throw doubt upon the facts specially found. (*Marquat* v. *Marquat,* 12 *N. Y. Rep.* 336. *Forrest* v. *Forrest,* 25 *id.* 501.)

And it becomes the duty of the general term to examine the exceptins taken and facts found, and determine whether any errors have been committed for which a new trial should be had, instead of a modification of the judgment. (*Beach* v. *Cooke, supra.*) If the general term find no just exception that could affect the finding, and find that the facts found by the referee are warranted by the evidence, the judgment should be modified as the right of the case demands.

Exceptions not noticed in counsels' points, nor argued, are to be deemed waived. (*Cummings* v. *Morris,* 3 *Bosw.* 560.) But the manner in which this case is presented for review is so peculiar, that I have gone over the case and examined briefly the exceptions, and the facts proved. Though errors may have been committed in the reception or rejection of evidence, in an equity case, the court will not notice them, so long as they can see that the facts found are sustained by unobjectionable evidence. There are no facts found by the referee not warranted by unobjectionable testimony; nor do I think there is any finding against the weight of legal evidence in the case. While the balance found due by the ref-

Sutherland *v.* Rose.

eree may not be precise and accurate, it is probably quite as near so as the result of a new investigation would be.

But an obstacle arises to such a disposition of the case as would be warranted by the foregoing considerations.

The plaintiff's intestate was the mortgagor, and the original plaintiff in this action. He died after the action was begun, and the present plaintiff, who had been appointed administrator of the deceased plaintiff, was substituted as plaintiff in the action. By the death of Firman the lands covered by this mortgage descended to Firman's heirs, and such lands became the primary fund out of which the mortgage must be paid, if any thing remained unpaid thereon. The heirs were chargeable with its payment. (3 *R. S.* 38, § 4, *5th ed.*) If, in fact, the mortgage had been paid, the heirs alone had any interest in procuring it to be satisfied, and they alone could bring suit for that purpose. The administrator had no interest in the controversy, and could bring no action. (*Story's Eq. Pl.*, § 175. 2 *Barb. Ch. Pr.* 195. *Johnson* v. *Corbett*, 11 *Paige*, 265. *House* v. *House*, 10 *id.* 158.)

The heirs of Firman not being parties to the action, are not bound by its result. They are the persons primarily liable for any unpaid balance. They alone can ask to redeem and demand satisfaction. The present plaintiff has no such rights. For the foregoing reasons, the decision of the special term, dismissing the complaint with costs, should be reversed, and a new trial granted, with leave to bring in and substitute the heirs at law of Thomas Firman, deceased, as plaintiffs in this action; costs to abide the event.

PARKER and BALCOM, JJ. concurred.

MASON, J. dissented.

New trial granted.

[BROOME GENERAL TERM, November 20, 1866. *Parker, Mason, Balcom* and *Boardman*, Justices.]