JAMES W. GREEN et al.. Appellants, *v.* DELOS FRY et al., Respondents.

Defendant F. purchased certain premises in reliance upon representations of the vendor that they were free and clear from all incumbrances. There was, in fact, at the time, a mortgage thereon. Upon discovery, by F., of the fraud, an oral agreement was made between him and his vendor that he would assume the old mortgage, and the amount thereof should be applied as payment upon a mortgage given by him to secure part of the purchase-money. The vendor subsequently assigned his mortgage to plaintiffs, who had no knowledge of the agreement. After the assignment, for the purpose of carrying out the oral agreement, F.'s grantor executed to him a receipt acknowledging payment, as of its date, upon the purchase-money mortgage, of the amount of the old mortgage. F., at that time, had knowledge of the assignment. In an action to foreclose, *held*, that the oral agreement was valid and effectual as a payment ; that its effect was not impaired by taking the receipt.

The payment so made was sufficient to pay all principal due on plaintiffs' mortgage at the time of the commencement of the action. F., before that time, duly tendered the interest due on the principal unpaid, and the amount tendered was brought into court. *Held*, that the tender extinguished the lien of the mortgage to that extent, and as there was no default at the time the action was commenced, it was not maintainable to enforce foreclosure for installments subsequently becoming due.

(Argued June 27, 1883 ; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made at the May term, 1881, which affirmed a judgment in favor of defendant Fry, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by defendant, Delos Fry, to Solomon Fry, and assigned by the latter to the plaintiffs.

The answer of said defendant, who alone appeared and answered, averred in substance that the mortgage in question was given for part of the purchase-price of the premises therein described, which were sold and conveyed to defend-

ant by the mortgagee by warranty deed; that at the time of the purchase the vendor represented that the premises were free and clear of all incumbrances, when in fact they were incumbered by a mortgage held by one Pierson, of which fact defendant was ignorant, and that he purchased in reliance upon the truth of said representations; that before the assignment of the mortgage, defendant having ascertained the falsity of said representations, it was agreed between him and the mortgagee that the former should assume the Pierson mortgage, and the latter agreed to apply the amount thereof. as so much payment upon his mortgage; that upon making such application and payments subsequently made by said defendant, there was only due on the mortgage, at the time of the commencement of the action, the sum of $25 for interest, which sum defendant duly tendered.

The questions as to the representations made to defendant at the time of his purchase, and his reliance thereon and ignorance of the existence of the Pierson mortgage were submitted to a jury, who found in accordance with defendant's averments. The other facts were found substantially as alleged, by the court. It was also found that plaintiffs took their assignment in good faith, and in ignorance of the fact that the mortgagor had any defense.

It appeared that after the assignment of the mortgage in suit said Solomon Fry executed to defendant the following receipt:

"Received, Johnstown, May 3, 1877, of Delos Fry, fifteen hundred and twenty-eight dollars ($1,528), to apply in payment of a mortgage given by said Delos Fry to me in the year 1876, which said mortgage was given for the sum of sixteen hundred and fifty dollars ($1,650), and is upon the farm now occupied by said Delos Fry, and is known as the Lawrence Frederick farm; the said mortgage now being held by Crosby McDougall and Nathaniel Bentley, as collateral security for the payment of another mortgage of nearly two thousand dollars, given by me to said McDougall and Bentley.

"SOLOMON FRY."

The circumstances under which it was executed, as well as other facts, appear in the opinion.

*J. M. Carroll* for appellants. As the receipt expressly declares that the settlement was made after the assignment and subject to the rights and lien of the assignees, it is conclusive proof of that fact. (*Renard* v. *Sampson*, 12 N. Y. 561, 566, 568.) The written part of it is not simply a receipt, but is in the nature of a contract, and cannot be varied or explained by parol, except as to the consideration part of it. (*Coon* v. *Knap*, 8 N. Y. 402, 404–408 ; *Egleston* v. *Knickerbocker*, 8 Barb. 458, 463, 466 ; *Kellog* v. *Richards*, 14 Wend. 116 ; *Graves* v. *Friend*, 5 Sandf. 568, 571.) The subsequent payment of the Pierson mortgage by Delos Fry, in fulfillment of the agreement on his part, cannot be vested with the character of damages as against these plaintiffs. (*Davis* v. *Spencer*, 24 N. Y. 386, 390, 391 ; *Hartley* v. *Talham*, 2 Abb. Ct. of App. Cas. 333, 338 ; *Fuller* v. *Conde*, 47 N. Y. 89, 91 ; *Van Etten* v. *Trouddin*, 3 T. & C. 603, 607 ; *White* v. *Baxter*, 71 N. Y. 254, 260.) If this settlement be regarded as merely an executory agreement, Delos Fry's cause of action for the fraudulent representations was merged and extinguished by that agreement. A breach would not restore the cause of action, but the action, if any, must be founded on the agreement. (*Billington* v. *Vanderbeek*, 23 Barb. 546, 552 ; *Wilson* v. *Gould*, 21 Hun, 446 ; *Davis* v. *Spencer*, 24 N. Y. 391, 392.) There was no want of failure of consideration for this settlement. (*White* v. *Baxter*, 71 N. Y. 254, 260 ; *Sands* v. *Crook*, 46 id. 564, 570 ; *Oakley* v. *Boorman*, 21 Wend. 588, 594 ; *Johnson* v. *Titus*, 4 Hill, 606 ; *Deifendorf* v. *Gage*, 7 Barb. 18 ; *Earl* v. *Peck*, 64 N. Y. 596, 599 ; *Cowe* v. *Cornell*, 75 id. 91, 99 ; *Stewart* v. *Ahrenfeldt*, 4 Denio, 189, 190 ; *Taylor* v. *Nussbaum*, 2 Duer, 302, 309 ; *Currie* v. *Steele*, 2 Sandf. 542, 547.) Where there is no fraud and the parties meet on equal terms and adjust their differences, the courts will not overlook the compromise, but will hold the parties concluded by the settlement. (*Adams* v. *Sage*, 28 N. Y. 103, 111 ; *Stewart* v. *Ahrenfeldt*, 4 Denio, 190, 191 ; *Farmers' Bank of Amsterdam* v. *Blair*, 44

Barb. 641, 652, 653; *Looby* v. *Village of West Troy*, 24
Hun, 78, 81.) Delos Fry's cause of action at law, as against
Solomon Fry for the fraud was barred by the statute of limita-
tions before this suit was commenced. (Code of Civil Procedure,
§ 382, subs. 3 and 5, and § 380 ; 1 Story's Eq., § 387 ; *Fasset* v.
*Smith*, 23 N. Y. 252, 259, 260 ; *Waldron* v. *Sofer*, 19 Eng.
L. and Eq. 111, 115; *McNeil* v. *Tenth Nat. B'k*, 46 N. Y.
325, 329 ; *Costello* v. *Meade*, 55 How. Pr. 356, 358; *Northrup*
v. *Hill*, 57 N. Y. 353.) The tender, being before suit, is
governed by the common-law rules on that subject, and to be
effectual for any purpose must be of the whole amount due at
the time. (*Eaton* v. *Wells*, 82 N. Y. 576–579; *Graham* v.
*Linden*, 50 id. 547, 550.) Nothing but money can be a legal
tender for the payment and discharge of debts. (*Carey* v.
*Bancroft*, 14 Pick. 315, 317 ; *Dunning* v. *Humphrey*, 24
Wend. 31; *Searles* v. *Sodgrave*, 4 E. & B. 639 ; *Bailey* v.
*Metcalf*, 7 N. H. 156 ; *Graham* v. *Linden*, 50 N. Y. 547, 550 ;
7 Wait's Actions and Defenses, 509, § 12 ; 2 Jones on Mort-
gages, § 894; *Tuthill* v. *Morris*, 81 N. Y. 94, 98, 99, 100.)
The trial court erred in holding that plaintiffs were not entitled
to judgment of foreclosure in this action. (2 Van Santvoord's
Eq. 94 ; New Code, §§ 1646, 1637 ; *Malcom* v. *Allen*, 49 N.
Y. 448, 452, 455.)

*James A. Dennison* for respondents. The tender was prop-
erly made, and extinguished the lien of the mortgage *pro
tanto*. (3 R. S. [5th ed.] 29, § 159 ; *McCoy* v. *O'Donnell*, 2
T. & C. 671 ; 59 N. Y. 656 ; *Hartley* v. *Latham*, 1 Keyes,
222; *Hutchings* v. *Munger*, 41 Barb. 396.) Plaintiff's action
was not for an unliquidated amount. (Thomas on Mortgages,
124–126; 7 Wait's Actions and Defenses, 576–7.) Defend-
ant had a right in equity to the application of the Pierson
mortgage against the one in suit as a counter-claim, arising out
of the facts in this action, as shown on the trial, and in fact
he had no other remedy. (*Ranney* v. *Warren*, 17 Hun, 111 ;
2 Addison on Torts [D. & Bis. ed.], 1043 ; *Hartley* v. *Latham*,
1 Keyes, 222; *Crane* v. *Turner*, 67 N. Y. 437; *Haight* v.

*Hoyt*, 19 id. 464 ; *Decker* v. *Boice*, 83 id. 215.) The receipt given by Solomon Fry to Delos, the defendant, under the advice of Mr. Fraser, has no force as between these parties. (67 N. Y. 437.)

MILLER, J. The findings of the jury upon the trial of this case which are fully supported by the evidence, and sustained by the decision of the judge, establish that, at the time when Delos Fry purchased the premises covered by the mortgage which is the subject of this action, representations were made to him by his father, who was the vendor, that the premises were free and clear from all incumbrances, and that the purchase was made by Delos Fry under a belief that such was the fact. The testimony shows, beyond any question, that the representations made were false and untrue, and that at the time there was a mortgage on the premises, executed by the vendor to one Pierson, for the sum $1,072.86, Delos Fry being ignorant of the existence of the last-mentioned mortgage. Under these circumstances, it is very manifest, that Delos Fry had an equitable right, upon a discovery of the fraudulent representations, to have the amount of the Pierson mortgage applied upon the mortgage now in question. The proof shows that, upon ascertaining the fraud which had been committed upon him, by the representations made by his vendor, a verbal agreement was entered into between them that this should ·be done, and Delos Fry should assume the old mortgage, and that afterward a receipt was executed by Solomon Fry showing such agreement. The parol agreement for the application of the Pierson mortgage of itself was a valid contract, if entered into prior to the assignment of the mortgage in controversy. The principal question presented upon this appeal relates to the construction to be placed upon that agreement, in connection with the receipt which was afterward given by Delos Fry to the vendor. As between Delos Fry and the vendor there can be no question in regard to the effect of the agreement referred to. Nor do we think that, under the facts presented, the plaintiffs, as assignees of the mortgage, occupy any better position, or are

entitled to any greater rights, than the assignor, from whom they derive title. The evidence shows a valid parol agreement to apply the amount of the Pierson mortgage, and the application of the same upon the mortgage in suit, which was effectual at the time it was made, and was not impaired by the receipt which was afterward given. The receipt was not a new contract of itself, but was executed. merely to carry out the parol agreement, which had previously been entered into, and cannot be considered as an independent contract, without reference to what had previously transpired. Upon the trial, Delos Fry testifies distinctly that the receipt was given for what Solomon Fry had previously agreed to do, in reference to the Pierson mortgage. That it was stated that an agreement had been made before that time, and that the purpose of the receipt was to carry out such agreement. This testimony is uncontradicted, and we think it must be assumed that no new agreement was made when the receipt was given. The parol agreement was at that time in full force, and was not waived by such receipt. As the case stands, there is no foundation for the claim that the settlement was made after the assignment of the mortgage in suit. The receipt, which was executed after the settlement, cannot be regarded as conclusive in reference to the time when the settlement was actually made, but, as we have seen, it was merely given for the purpose of showing, in writing, what had previously transpired. As the proof is conclusive that the agreement was made at a previous period, the receipt, although it purports to speak as of the time of its date, cannot be regarded as changing the time of the settlement made between the parties. The fact that Delos Fry knew of the assignment before the receipt was given does not affect the validity of the settlement, which had been previously made. It was obligatory without the receipt, and its execution afterward could not impair the legal effect of the settlement. Prior to the receipt there was an equitable defense, by reason of the settlement made between the parties, and this defense was not affected by the writing subsequently executed, which showed the intention of the parties.

As no money was paid or new consideration passed when the receipt was given, the existing defense remained the same as if it had never been executed. Nor can it be claimed, from the evidence, that the original arrangement made as to the settlement was but a preliminary negotiation which was not perfected until the receipt was executed and that it became merged in the same.

Some stress is laid upon the finding of the court, that Delos Fry first heard of the Pierson mortgage "about the last of April." This finding is not in conflict with the evidence that he did hear of it before the assignment. The expression of the judge may refer to some day prior to the assignment, and was used immediately after the finding as to the fraud, and does not establish, by inference or otherwise, that this discovery was made by Delos after the assignment had been executed. It is very evident that the settlement was made prior to the assignment of the mortgage by Solomon Fry, and that such assignment was taken subject to the rights which had been acquired by Delos by virtue of such settlement. The defendant's right to the defense interposed was complete, when the title to the mortgage was acquired and has never been discharged.

In view of the facts, we are of opinion that the court below were right in holding that the receipt in question could not affect the validity of the parol agreement. There is no ground for the contention, in this case, that the equities which existed in favor of Delos Fry have been lost by reason of the negligence and fault of the claimant, or that the assignee has acquired superior equities in consequence of the delay of the defendant in enforcing his rights. The plaintiffs do not, we think, occupy the position of one of two innocent persons who must suffer by the act of another, and are not entitled to invoke this principle under the facts presented.

There was no error in the decision of the court upon the trial, that no part of the principal was due, and that the amount of the tender ($25) was sufficient to pay the interest due at that time. This was the whole amount then due. The false

representations made to Delos Fry, by the vendor, were a valid defense to the mortgage, and by the agreement subsequently made, between the mortgagor and mortgagees, the amount unpaid on the Pierson mortgage had been applied to that extent. This was a payment which reduced the amount due upon the mortgage in suit, and left only a portion of the interest which was covered by the tender made, and which, being sufficient for that purpose, satisfied the same. The claim that the application could only be made upon the trial and decision of the case, and that for that reason the tender was insufficient, is not well founded, for, as we have seen, the agreement referred to operated as an application of the Pierson mortgage and a payment upon the mortgage in suit. The tender, being properly made, extinguished the lien of the mortgage to that extent. There being no bond, the only remedy of the plaintiffs was by a foreclosure of the mortgage and a sale of the land therein described. This remedy could not exist unless the mortgagor was in default. The defendant, having offered to pay all that was due before the commencement of this action, and having made good his tender by bringing the money into court, was relieved from any default, and the plaintiffs had no right to maintain this action. The lien having been extinguished to the amount then due on the mortgage, and there being no existing cause of action in favor of the plaintiffs at the time of the commencement thereof, the decision of the court that the plaintiffs were not entitled to judgment of foreclosure was clearly right. This was not a case for a judgment to enforce the foreclosure for installments which were not yet payable.

The judgment should be affirmed.

All concur, except ANDREWS, J., absent.

Judgment affirmed.