Bradley, J.
A right of action in equity as well as at law must exist at the time of its commencement to permit recovery.
The cause of action alleged in the complaint was the default of the mortgagor, defendant, in payment of one year’s interest of sixty dollars on the money secured by the mortgage.
This was denied by the defendant’s answer. And upon the finding of the court that there was no sum due at the time the action was commenced, the conclusion was required that the defendant was not then in default. It seems to follow that the cause of action alleged in the complaint was not supported, and upon that alone the plaintiffs were- not entitled to recover, unless some aid was in some manner furnished by the circumstances of the trial. Green v. Fry, 93 N. Y., 353; Knickerbacker v. Boutwell, 2 Sandf. Ch., 319, 324; Tiffany v. Bowerman, 2 Hun, 643, 646; Hare v. Van Deusen, 32 Barb., 92.
None of the occurrences of the trial appear by the record, *645 other than as represented by the findings in the decision of the court, as this review is had on the judgment roll only. And if in any view of the facts as found the judgment could have been properly directed, it will be sustained. Agricultural Ins. Co. v. Barnard, 96 N. Y., 525.
It appears by the facts found that the plaintiff, Lenora Gale, was the widow, and the defendant, Frances P. Gale, the sister, and the only heir and next of kin of the intestate, who died in May, 1886; that a few days after his death those parties entered into an agreement in writing by which Lenora agreed to transfer all her interest in the estate, real and personal, of the intestate to Frances, for $400, and the latter agreed to pay all of his debts and to carry out such agreement she did, by another instrument in writing, make such transfer and release, and received the consideration, $400; that the mortgage in question was then in the possesson of Frances, and was part of the estate of the intestate, of which and of its existence Lenora was ignorant at the time of such assignment, and which facts were suppressed and concealed from the latter by Frances, with the intent to deceive her as to the value of the estate, and with a view to the purchase of her interest, and in doing so to cheat her; that on learning the situation, Lenora, to rescind the agreement and transfer, tendered to Frances the amount received from her, and demanded rescission and restoration, which, being refused, the fund tendered was brought into court; and that when the action was commenced the mortgage was still in the custody of Frances, and the plaintiffs had no knowledge that the interest, which was payable in May, 1886, had been paid. The conclusion of law determined by the court was that the plaintiffs were entitled to the usual judgment of foreclosure, and directed it accordingly.
These facts as found furnished a right of action, existing at the time of its commencement to set aside the agreement and release so obtained, and have the title of the plaintiffs to the mortgage established. And the court having jurisdiction of the action for that purpose might retain it for all the purposes necessary to afford complete relief, which might embrace the rights furnished by the mortgage and existing at the time of the trial, although they had accrued during the pendency of the action. This is the well settled policy of courts of equity, having in its purpose the prevention of multiplicity of suits. 1 Story Eq. Jur., §§ 64, 709; Miller v. McCan, 7 Paige, 451; Taylor v. Taylor, 43 N. Y., 578.
But in the case at bar, the cause of action alleged, had no existence at the time the action was commenced, and the matter which may have supplied a cause is in no manner *646 averred in support of the action. It must for the purposes of this review be assumed that no objection was taken upon the trial to the proof of any facts offered by the plaintiff or to any view which may have been taken of it for the purposes of recovery. And if the complaint were such as to permit, it might be deemed so amended as to conform to the facts proved, but that cannot be done upon this appeal because it would require a substantial change of the cause of action. Code Civ. Pro., § 723. And in view of the fact that there was no finding of conclusion of law founded upon any cause of action existing at the time the action was commenced, it is evident that the action was treated as for foreclosure of the mortgage merely, and that the agreement and release before mentioned as a defense were overcome by the facts relating to the manner they were obtained by the defendant. The plaintiffs were at liberty to show that those instruments having been procured by fraud or deception, constituted no defense to the cause ©f action alleged. The cases in which the omission to point out, by objection, a defect in the pleading, operates as a waiver, and gives support to a recovery which cannot be successfully challenged on review, do not seem to be applicable. In those cases the recovery is within the general scope of the pleading, and there is an absence only of some essential fact or facts, and for the purpose of upholding the judgment they may in such cáse be deemed inferentiahy supplied by way of construction of the pleading. Thayer v. Marsh, 75 N. Y., 340. And when matters within the issues presented are litigated, the court will give the relief which it appears the plaintiff may be entitled to, although not within that demanded by the complaint, rather than to dismiss the complaint and put him to another action. Beach v. Cooke, 28 N. Y., 508; Sutherland v. Rose, 47 Barb., 144.
This rule has been declared by the statute. But the recovery must be consistent with the case made by the complaint and embraced within the issues. Code Civil Pro., § 1207; Bradley v. Aldrich, 40 N. Y., 504; Stevens v. Mayor, 84 id., 296. The defendant excepted to the conclusion of law which raised the question as to the right of the plaintiff to recover upon the facts found in view of the issues presented by the pleadings. And the exception seems well taken.
The plaintiffs probably brought the action in good faith, believing that there was default in the payment of one instalment of interest upon the mortgage, which was in the custody of the defendant. And while the latter denies the alleged default she does not plead payment of such instalment of interest specifically, but alleges title and possession *647 of the mortgage in herself, and that it had been fully paid. And although those allegations of defense may have misled the plaintiffs into the trial, it is not seen how they aided the alleged cause of action in support of the recovery. However unfortunate it may be for the parties, and possibly for the estate represented by the plaintiffs that this litigation should be continued, the court cannot disregard the legal methods and rules prescribed for the commencement and prosecution of actions and the administration of justice. Nor on this review can the court properly enquire whether any beneficial relief may be obtained by the plaintiffs through an application to amend their complaint so as to base the action upon some cause existing at the time of its commencement.
The judgment should be reversed, and a new trial granted. Costs to abide the final award of costs.
Haight and Dwight, JJ., concur.