BURHANS *v.* BURHANS *et al.*

(*Supreme Court, General Term, Third Department.* May, 1888.)

1. PARTNERSHIP — DISSOLUTION — AGREEMENT THAT ONE PARTNER SHALL WIND UP BUSINESS—POWER TO DISCHARGE MORTGAGE.
   A partner to whom, by agreement upon dissolution, is given power to use the firm name, and sign in liquidation of the firm business, and who has given bond to account for money coming into his hands in settling up the business, is authorized to discharge a mortgage received, held, and considered as partnership property.

2. MORTGAGES—PAYMENT—AGREEMENT TO RELEASE—EFFECT OF SUBSEQUENT RELEASE.
   Where a mortgage is paid, and agreement is made to discharge the same of record, the instrument of discharge, executed a few days afterwards, and after commencement of suit to foreclose, takes effect from the time of the agreement.

3. SAME—BONUS FOR EXTENSION OF—USURY.
   A bonus which is in excess of the legal rate of interest, paid for the extension of a mortgage, is usurious, and should be applied towards satisfaction of the mortgage upon final settlement.

4. SAME—FORECLOSURE—OVERPAYMENT BY ONE OF SEVERAL MORTGAGORS—RIGHT TO REIMBURSEMENT.
   In a foreclosure suit, wherein one of the mortgagees, who has executed a discharge, is made defendant, judgment adjusting the rights of the parties, and directing payment to one of the mortgagors of a balance overpaid by her, is authorized by Code Civil Proc. N. Y. § 1204, providing that "judgment may be given for or

against one or more plaintiffs, and for or against one or more defendants; it may determine the ultimate rights of the parties on the same side, as between themselves; and it may grant to a defendant any affirmative relief to which he is entitled."

Appeal from circuit court.

Action by Nelson H. Burhans against Carrie Burhans, Albert Burhans, and William J. Turck, to foreclose a mortgage. Judgment was entered upon the decision of the court after trial without a jury, from which plaintiff appeals.

Argued before LEARNED, P. J., and INGALLS and LANDON, JJ

*William Lounsbery,* for appellant. *G. R. Adams,* for respondents.

INGALLS, J. This action was brought by the plaintiff to foreclose a mortgage. The answer of the defendants Carrie Burhans and Albert Burhans— *First,* denied each and every allegation of the complaint; *second,* that, before the action, they satisfied and discharged the plaintiff's claim by payment of said bond and mortgage; *third,* they set up by way of counter-claim, and sought to have applied upon the mortgage as payment, $250, with interest thereon, for an alleged bonus paid by them to the mortgagees for an extension of time for the payment of such mortgage; *fourth,* by way of equitable defense, a claim for the $250, with interest thereon, upon the ground that said sum had been received by the mortgagees upon no other consideration than as alleged in the third part of the answer. The plaintiff and the defendant William J. Turck were partners in business, and in that capacity took the mortgage in question. They dissolved the partnership, and their agreement contains the following provision: "And it is further mutually agreed that the moneys owing the said firm shall be kept and deposited in the old firm name of Turck & Burhans; and that the said William J. Turck is hereby authorized to use said firm name and sign in liquidation of the firm business." It is claimed, by the defendants Carrie Burhans and Albert Burhans, that before the commencement of this action, and on the 6th day of August, 1885, there was an adjustment between them and the defendant William J. Turck in regard to the payments which have been made upon said mortgage, and they ascertained the amount then due and unpaid thereon, and applied thereon certain moneys which were due and owing to the defendant Carrie Burhans from the said firm of Turck & Burhans, being money in the hands of such firm belonging to her, in amount sufficient to satisfy said mortgage; that such money was applied in payment and satisfaction of the mortgage; and an agreement was then made that such mortgage should be discharged of record, but the preparation and execution of such discharge was omitted on that day, owing to the fact that Albert Burhans was in a hurry to go to New York upon business. William J. Turck testified as follows: "*Question.* On the 8th of August, did Albert Burhans come to you in reference to this mortgage? *Answer.* Yes, sir. *Q.* Was it on that day, by an understanding and agreement between you and he, considered paid, and you agreed to give a satisfaction piece? *A.* Yes, sir." He further stated: "*Question.* What happened on the 10th? *Answer.* On the 10th, he was afraid of the costs. *Q.* He came to you? *A.* I told him to go to New York. I says: 'This is all right. You have money enough here; and, if you have not, I will put it in.' This was on Monday, so the satisfaction was dated on Monday. That was the 10th." The witness gave a history of the money transactions between the defendant Carrie Burhans' agent with said firm of Turck & Burhans, before and after the dissolution of such partnership. The defendant Turck refused to join as a plaintiff in the action, and was made a defendant. The action was commenced on the 14th day of August, 1885. Upon the evidence taken in the action, the learned justice made the following findings, which are incorporated herein, as they were obviously the result of a careful examination and consideration of the case, and contain a

full statement of the facts involved in the controversy, and constitute the basis of the judgment entered herein. Such findings are as follows:

"SUPREME COURT. *Nelson H. Burhans* against *Carrie Burhans, Albert Burhans, and William J Turck.* The above cause having been brought on to trial before the court without a jury, the court finds, as to the facts and rulings of law, as follows: As to the facts—*First.* That the defendants Carrie Burhans and Albert Burhans, for the purpose of securing the payment to the defendant William J. Turck and the plaintiff Nelson H. Burhans of the sum of $2,110.60, with interest thereon, on or about the 5th day of September, 1874, executed and delivered to the said William J. Turck and Nelson H. Burhans a bond bearing date on that day, sealed with their seals, whereby the said Carrie Burhans and Albert Burhans did bind themselves, their heirs, executors, and administrators, in the penalty of $4,300, upon the condition that the same should be void if the said Carrie Burhans and Albert Burhans, their heirs, executors, and administrators, should pay to the said William J. Turck and Nelson H. Burhans, their executors, administrators, or assigns, the said sum of money first above mentioned, as follows: $2,110.60 on the 5th day of September, 1875, with the interest thereon payable semi-annually on the 1st days of January and July in each year; and, as collateral security for the said indebtedness, the said Carrie Burhans and Albert Burhans, on the same day, executed, duly acknowledged, and delivered to the said William J. Turck and Nelson H. Burhans a mortgage, whereby they granted, bargained, and sold to the said William J. Turck and Nelson H. Burhans certain premises, with the appurtenances thereto, consisting of a house and lot situated in the city of Kingston,—the said mortgage containing the same conditions as said bond, with the usual power, in case of default in payment, that said mortgagees, or their assigns, might sell said premises, and apply the proceeds to said mortgaged debt, and the costs of such sale or proceedings therefor, and, in case of any surplus, to return the same to the mortgagors or their assigns; that said mortgage was duly recorded in Ulster county clerk's office on the 4th day of May, 1875. *Second.* That on the 22d day of September, 1874, the defendant Carrie Burhans paid to the said William J. Turck and Nelson H. Burhans the sum of $558.94 for a payment on said bond and mortgage, and the same was then at the same time indorsed upon said bond. *Third.* That on the 22d day of September, 1874, the said Carrie Burhans paid to said William J. Turck and Nelson H. Burhans the sum of $250, upon an agreement made between them that the said William J. Turck and Nelson H. Burhans would give to said Carrie Burhans and Albert Burhans such time to pay said bond and mortgage as they might desire; that said sum should be paid and received as a bonus, in addition to the lawful interest on said bond and mortgage, and for that purpose the same was paid and received. *Fourth.* That the said Carrie Burhans paid to said William J. Turck and Nelson H. Burhans, upon said bond and mortgage, as follows: On July 9, 1875, which was duly indorsed on said bond, $373.84; on February 9, 1880, $501.89; on February 28, 1881, $136.64; on April 16, 1883, $253.28; on May 6, 1884, $500.00. *Fifth.* That on the 10th day of August, 1885, the defendant Carrie Burhans had moneys to her credit in the hands of the defendant William J. Turck, in the sum of $619.66; that on that day it was agreed between them that the said William J. Turck, who had the possession of said bond and mortgage, should apply, upon said bond and mortgage, from said moneys, such amount as was then unpaid thereon; and that said bond and mortgage should be thereby paid and discharged at that time, and a satisfaction piece should be given. *Sixth.* That on the said 10th day of August, 1885, the said William J. Turck had calculated the amount unpaid upon said bond and mortgage at the sum of $619.66, and applied that sum, from the moneys in his hands belonging to said Carrie Burhans, upon said bond and mortgage. *Seventh.* That the defendant William J. Turck executed and delivered to said Carrie Burhans and Albert Bur-

hans a satisfaction piece of said bond and mortgage, dated August 10, 1885, and duly acknowledged by him on the 19th day of August, 1885; that the said William J. Turck deposited the amount, so credited and received, in bank to the credit of the firm of Turck & Burhans. *Eighth.* That the defendant William J. Turck and Nelson H. Burhans, since about the year 1853, had been partners in business under the firm name of Turck & Burhans, which partnership continued until April 4, 1883; that the moneys loaned, for which said bond and mortgage were given to secure, were part of their partnership moneys, and said bond and mortgage was part of their partnership property. *Ninth.* That, by the articles of dissolution in writing, signed and sealed by the said William J. Turck and Nelson H. Burhans, it was agreed between said partners as follows, viz.: 'And it is further mutually agreed that the moneys owing said firm shall be kept and deposited in the old firm name of Turck & Burhans, and the said William J. Turck is hereby authorized to use said firm name and sign in liquidation of the firm business;' that said William J. Turck kept the possession of said bond and mortgage thereafter till paid. *Tenth.* That prior to December, 1884, plaintiff brought suit in this court against said William J. Turck for an accounting of the affairs of said firm, and asked in the complaint in said action for the appointment of a receiver to settle outstanding affairs and accounts of said firm. *Eleventh.* That in December, 1884, said plaintiff moved in said action for the appointment of a receiver, and procured and entered and served an order granting such motion, unless the defendant in said action made, executed, and served a bond or undertaking in the penalty of $10,000 that he would comply with the final judgment that should be entered in said action, and pay the plaintiff any and all sums directed by said judgment to be paid to said plaintiff; that said defendant, in December, 1884, made, executed, and served said bond duly approved. *Twelfth.* That there were, at the time of the dissolution of said firm, 11 bonds and mortgages, belonging and owing to said firm, left with said Turck for collection, and he was authorized to collect the same, one of which was the bond and mortgage in suit. *Thirteenth.* That judgment was entered, in said action between said Nelson H. Burhans and William J. Turck, on the 25th day of July, 1885, which adjudged, among other things, as follows: '(4) The plaintiff is entitled to judgment in his favor that there be delivered to him one-half of all the bonds and mortgages belonging to the firm, to his separate use; (5) the plaintiff is entitled to judgment in his favor that one-half of the accounts of the firm, as collected, be paid to the plaintiff, to his separate use; (6) that a receiver of the firm be appointed to this action, to collect and receive the assets, mentioned in the fourth and fifth findings, now in defendant's possession, and to divide the same, as specified therein.' That the fourth and fifth parts of said judgment correspond to the fourth and fifth findings of the report therein. *Fourteenth.* That said judgment was appealed from by said defendant William J. Turck, and that the appeal therein has not been heard, and that, in consequence, no final judgment has been entered in said action, and no receiver has been appointed. *Fifteenth.* That the plaintiff requested said Turck to join as a party plaintiff in this said action to foreclose said mortgage, on the 13th day of August, 1885, after the same had been fully paid and discharged. *Sixteenth.* That on the 13th day of August, 1885, the plaintiff was duly notified by said William J. Turck that said bond and mortgage was paid. *Seventeenth.* That this action was commenced by the service of the summons and complaint on William J. Turck on the 14th day of August, 1885, and on the defendants Carrie and Albert Burhans on the 15th day of August, 1885. *Eighteenth.* That on the 10th day of August, 1885, the defendant William J. Turck and Nelson H. Burhans so credited and received from Carrie Burhans $418.44 in excess of the sum actually due on said bond and mortgage in consequence of not applying the sum of $250, paid September 22, 1874, as a bonus thereon, against the consent of said Al-

bert and Carrie Burhans. As rulings of law—*First*, that the sum of $250, paid on the 22d day of September, 1874, was paid upon a usurious agreement for forbearance, and a payment in excess of legal interest, and should be applied as a payment of that date on said bond and mortgage; *second*, that the whole sum due for principal and interest after the application of said $250 paid as a bonus, and the several other payments at their respective dates on said bond and mortgage, on the 10th day of August, 1885, (not including the $619.66 then credited and received,) was the sum of $201.22; *third*, that on the 10th day of August, 1885, said bond and mortgage was paid, satisfied, and discharged; *fourth*, that the sum of $418.44, the excess of the sum due on said bond and mortgage, credited and received on the 10th day of August, 1885, by the firm of Turck & Burhans, should be recovered back from them by the defendant Carrie Burhans; *fifth*, the complaint should be dismissed on the merits, as to the defendants; *sixth*, the defendant Carrie Burhans is entitled to recover judgment against the defendant William J. Turck and Nelson H. Burhans for the sum of $418.44; *seventh*, the defendants Carrie Burhans and Albert Burhans should have judgment for costs of the action against the plaintiff, and judgment is accordingly ordered and directed as herein found.

"*Dated June* 10, 1887.      "A. B. PARKER, Jus. Sup. Court."

We do not perceive that the additional findings which were made at the request of plaintiff's counsel, and which are incorporated in the case, materially change the foregoing findings, so far as the essential features of the case are concerned. We have carefully examined the evidence and investigated the facts in regard to the payments alleged to have been made upon the mortgage, and which were allowed by the court, and find such payment supported by the evidence to the full amount stated by the court in his findings. We are entirely satisfied that the decision is in accordance with the facts of the case as established upon the trial, and is eminently just. The evidence was conflicting, and the transactions out of which the controversy arose are not a little complicated. The trial court possesses a great advantage over the appellate tribunal in the investigation of a question of fact, when the evidence is conflicting, as the former has an opportunity to examine the witnesses, and observe their appearance upon the stand, and the manner they testify. William J. Turck, as a member of the partnership firm of Turck & Burhans, was authorized to deal with the mortgage, by adjusting the amount due thereon, to apply payments, and to discharge the same. Such authority was incident to the partnership, and survived its dissolution, for the purpose of settling and winding up its affairs. *Robbins* v. *Fuller*, 24 N. Y. 570; *Gillilan* v. *Insurance Co.*, 41 N. Y. 376. But, in addition to such general power, Turck, by a provision in the contract of dissolution, to which reference has already been made, was, we think, authorized to adjust the amount due upon the mortgage, and to apply thereon the money due from the firm to Carrie Burhans, and to discharge the same. *Hilton* v. *Vanderbilt*, 82 N. Y. 591. Every act which he performed in regard to the mortgage was connected with the partnership business. The mortgage was received, held, and regarded as property of the partnership, and dealt with accordingly. Turck was therefore fully authorized to receive payment thereon, and to discharge it. It further appears that the money which was standing to the credit of Mrs. Burhans upon the books of the partnership, and which was applied in part payment of the mortgage, was charged over to the firm upon the books, and made assets of the partnership. It seems difficult to perceive wherein any wrong has been done to the firm, or any member thereof, in this transaction. It would have been unjust to Mrs. Burhans to keep her money tied up, in the hands of the firm, or a member thereof, and subject her property to sale by foreclosure of the mortgage, which belonged to the partnership. No receiver had been appointed to settle and wind up the affairs of the partnership previous to the discharge of the mortgage; but it appears that William Turck was substan-

tially authorized to discharge that duty, and executed a bond in the penalty of $10,000 to account for the money which came to his hands belonging to the firm. We may therefore assume that the plaintiff was not in danger of being prejudiced pecuniarily, in consequence of the discharging of said mortgage. If Mrs. Burhans had paid the mortgage, she was entitled to have it discharged; and whether or not such payment had been made, became a question of fact for the court to decide, which has been done, upon evidence too strongly support-ing the decision to be disturbed. The facts justify the assumption that the mortgage had been paid, and there was, on the 8th and 10th day of August, 1885, an agreement to discharge the same, and therefore the paper which was in fact executed on the 17th day of August, 1885, by relation, took effect at the time the agreement to discharge was made. The paper was but evidence of what had been previously agreed upon, for the purpose of canceling the mortgage upon the record. *Green* v. *Fry,* 93 N. Y. 358.

The application of the $250 which had been paid to the partnership firm by Mrs. Burhans for the purpose of obtaining an extension of the time for the payment of the mortgage was properly applied as a payment thereupon. *Trust Co.* v. *Kech,* 69 N. Y. 248.

We think the court properly directed judgment in favor of Carrie Burhans against William J. Turck and Nelson H. Burhans for the balance which was ascertained to be due her after satisfying the mortgage. The parties were all before the court, and the balance, thus found due, arose substantially out of the same transaction, and affected only the parties to this action, so far as the case discloses. A multiplicity of actions will not be favored when one will end the entire controversy. The provision of the Code of Civil Procedure is very broad, and was, we think, intended to accomplish just such a result. It is as follows: "Sec. 1204. Judgment may be given for or against one or more plaintiffs, and for or against one or more defendants; it may determine the ultimate rights of the parties on the same side, as between themselves; and it may grant to a defendant any affirmative relief to which he is entitled." *Derham* v. *Lee,* 87 N. Y. 599; *Barker* v. *Cocks,* 50 N. Y. 689; *Institution* v. *Burdick,* 87 N. Y. 40. No question seems to have been raised at the trial in regard to the sufficiency of the pleadings to authorize the relief granted; and consequently the case is not embarrassed by any such question. If any such objection had been made, and it had been deemed necessary, an amend-ment might have been granted. At folio 387 of the case it appears that the court found, at the request of the plaintiff's counsel, the following: "(35) There was in fact no money paid to either defendant Turck, or plaintiff Bur-hans, by Albert Burhans, after that dated 8th August, 1885, applicable to the mortgage." We discover nothing in this finding inconsistent with the other findings herein, or with the decision of the court. All the payments upon the mortgage, strictly considered, were made upon and previous to the 8th of Au-gust, 1885. The money of Mrs. Burhans, which was applied on that day to the payment of the balance due upon the mortgage, was then, and for some time previous thereto had been, in the hands of the partnership; and consequently there was no actual counting and handing over money at any time subsequent to the 8th of August, 1885, as the court found.

The cause seems to have been properly disposed of by the trial court, and the judgment must therefore be affirmed, with costs.